FILED

Case 1:08-cv-01184    Document 1    Filed 02/27/2008    Page 1 of 3

08 C 1184

FEBRUARY 27, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE VALDEZ**

| | | |
|---|---|---|
| **ROBERT TARNOFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | **Judge** |
| | ) | |
| **JOHN DOYLE, individually,** | ) | **Magistrate Judge** |
| | ) | **J. N.** |
| **Defendant.** | ) | **Jury Demand** |

**COMPLAINT**

NOW COMES the Plaintiff, ROBERT TARNOFF, by and through his attorneys,

GREGORY E. KULIS AND ASSOCIATES, and complaining against the Defendant, JOHN

DOYLE, individually, as follows.

**COUNT I - FALSE ARREST**

1.      This action is brought pursuant to the laws of the United States Constitution,

specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois to redress

deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the

Defendant committed under the color of law.

2.      Jurisdiction is based on Title 28 U.S.C §1343 and §1331 and supplemental

jurisdiction of the State of Illinois.

3.      The Plaintiff, ROBERT TARNOFF, at all relevant times, was a hearing officer for

the County of Cook in the Child Support Division.

4.      The Defendant, JOHN DOYLE, at all relevant times, was a duly authorized Cook

County Deputy Sheriff acting within his scope of employment and under color of law.

1

S:\Federal Cases\Tarnoff v. Doyle\Pleadings\Tarnoff complaint.doc

5.     The Plaintiff ROBERT TARNOFF suffers from Chromes Disease.

6.     On November 1, 2006 the Plaintiff was working at the Cook County Child Support Division at 32 W. Randolph in Chicago, Illinois as a hearing officer.

7.     The Plaintiff soiled himself due to his Chromes Disease and went into the bathroom after canceling his court call.

8.     The Plaintiff had to clean himself and his pants due to what happened.

9.     While in the bathroom, several people checked on him and the Plaintiff informed them he had a stomach condition which was resolving itself.

10.     After a period of time, the Defendant came to the bathroom to tell the Plaintiff he was coming in.

11.     The Plaintiff begged him not to because he was still cleaning up, was soiled and did not want to be embarrassed.

12.     The Plaintiff was cleaning the bathroom and his trousers were in the sink.

13.      The Defendant, JOHN DOYLE, ordered the Plaintiff out of the bathroom and told the Plaintiff he has to stand in the hallway.

14.     The Plaintiff wanted to leave.

15.     The Defendant posted another Deputy Sheriff to keep the Plaintiff in the hallway and not allow him to use the bathroom or wander.

16.     There was no probable cause to hold the Plaintiff because he was not committing a crime or breaking any laws.

17.     The Defendant's use of his law enforcement authority in holding the Plaintiff in custody violated the Plaintiff's Fourth Amendment Rights.

2

18.    The actions of the Defendant were intentional, willful and wanton.

19.    As a direct and proximate consequence of said conduct of the Defendant, JOHN DOYLE, the Plaintiff, ROBERT TARNOFF, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss pain and suffering.

WHEREFORE, the Plaintiff, ROBERT TARNOFF, prays for judgment in his favor and against the Defendant, JOHN DOYLE, in an amount in excess of TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS in compensatory damages.

## JURY DEMAND

The Plaintiff, ROBERT TARNOFF, requests a trial by jury.

Respectfully Submitted,

/s/ Gregory E. Kulis
GREGORY E. KULIS & ASSOC.

Gregory E. Kulis & Associates
30 N. LaSalle Street, Suite 2140
Chicago, IL 60602
312-580-1830

3