UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT TARNOFF, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1184 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Wayne Anderson |
| JOHN DOYLE, individually, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

NOW COMES Defendant, SGT. THOMAS BOYD, through his attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, Assistant State's Attorney PATRICK SMITH, and, answers Plaintiff's Complaint as follows:

**COUNT I-FALSE ARREST**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois to redress deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendant committed under the color of law.

   ANSWER:   Defendant denies the allegations contained in paragraph one of Count I.

2. Jurisdiction is based on Title 28 U.S.C §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

   ANSWER:   Defendant admits the allegations contained in paragraph two of Count I.

3. The Plaintiff, ROBERT TARNOFF, at all relevant times was a hearing officer for the County of Cook in the Child Support Division.

ANSWER: Defendant admits the allegations contained in paragraph three of Count I.

4. The Defendant, JOHN DOYLE (sic), at all relevant times was a duly authorized Deputy Cook County Sheriff acting within his scope of employment and under color of law.

ANSWER: Defendant admits the allegations contained in paragraph four of Count I.

5. The Plaintiff ROBERT TARNOFF suffers from Chrones Disease.

ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph five of Count I.

6. On November 1, 2006 the Plaintiff was working at the Cook County Child Support Division at 32 W. Randolph in Chicago, Illinois as a hearing officer.

ANSWER: Defendant admits the allegations contained in paragraph six of Count I.

7. The Plaintiff soiled himself due to his Chrones Disease and went into the bathroom after cancelling his court call.

ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seven of Count I.

8. The Plaintiff had to clean himself and his pants due to this unfortunate countenance accident.

ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eight of Count I.

9. While in the bathroom several people checked on him and the Plaintiff informed

them he had a stomach condition which was resolving itself.

ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nine of Count I.

10. After a period of time the Defendant came to the bathroom to tell the Plaintiff he was coming in.

ANSWER: Defendant denies the allegations contained in paragraph ten of Count I.

11. The Plaintiff begged him not to because he was still cleaning up, was soiled and did not want to be embarrassed.

ANSWER: Defendant denies the allegations contained in paragraph eleven of Count I.

12. The Plaintiff was cleaning the bathroom and his trousers were in the sink.

ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twelve of Count I.

13. The Defendant JOHN DOYLE (sic) ordered the Plaintiff out of the bathroom and told the Plaintiff he has to stand in the hallway.

ANSWER: Defendant denies the allegations contained in paragraph thirteen of Count I.

14. The Defendant posted another Deputy Sheriff to keep the Plaintiff in the hallway and not allow him to use the bathroom or wander.

ANSWER: Defendant denies the allegations contained in paragraph fourteen of Count I.

15. There was no probable cause to hold the Plaintiff in that he was not committing a

crime or breaking any laws.

    ANSWER:    Defendant denies the allegations contained in paragraph fifteen of Count I.

16.    The Defendant use of his law enforcement authority in holding the Plaintiff in custody violated the Plaintiffs Fourth Amendment Rights.

    ANSWER:    Defendant denies the allegations contained in paragraph sixteen of Count I.

17.    The actions of the Defendant were intentional, wilful and wanton.

    ANSWER:    Defendant denies the allegations contained in paragraph seventeen of Count I.

18.    Said actions of the Defendant violated the Plaintiffs Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violations of said rights protected by 42 U.S.C.§1983.

    ANSWER:    Defendant denies the allegations contained in paragraph eighteen of Count I.

19.    As a direct and proximate consequence of said conduct of Defendant, JOHN DOYLE (sic), the Plaintiff, ROBERT TARNOFF, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss pain and suffering.

    ANSWER:    Defendant denies the allegations contained in paragraph nineteen of Count I.

## COUNT II-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-12)    The Plaintiff hereby realleges and incorporates his allegations of paragraphs 3-14 of Count I   as his respective allegations of Count II of 1-12 of Count I as though fully set forth herein.

ANSWER:    Defendant restates his answers to paragraphs 3-14 of Count I as his answers to paragraphs 1-12 of Count II.

13.    The Defendant JOHN DOYLE (sic) abused his law enforcement power to intentionally embarrass and humiliate the Plaintiff ROBERT TARNOFF.

ANSWER: Defendant denies the allegations contained in paragraph thirteen of Count II.

14.    As a result of the actions of the Defendant, JOHN DOYLE (sic), the Plaintiff, ROBERT TARNOFF, suffered pain, embarrassment, anxiety, humiliation and emotional distress.

ANSWER: Defendant denies the allegations contained in paragraph fourteen of Count II.

15.    The actions of the Defendant were intentional, wilful and malicious.

ANSWER: Defendant denies the allegations contained in paragraph fifteen of Count II.

## COUNT III-FALSE IMPRISONMENT

1-15)    The Plaintiff hereby realleges and incorporates his allegations of paragraphs l-15 of Count II as his respective allegations of Count II of 1-15 of Count I as though fully set forth herein.

ANSWER:    Defendant restates his answers to paragraphs 1-15 of Count II as his answers to paragraphs 1-15 of count II.

16.    The actions of the Defendant constitute false imprisonment.

ANSWER: Defendant denies the allegations contained in paragraph sixteen of Count III.

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant Sgt. Thomas Boyd, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, Patrick S. Smith, states the following affirmative defenses:

1. As to all federal claims, at all times during the events alleged in plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances confronting the defendant during the incident which allegedly provides the basis for the present case, would have reasonably believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time.  Defendant is entitled to qualified immunity from liability.  The alleged actions and conduct of defendant did not cause a constitutional violation, nor did the alleged conduct violate clearly established standards for constitutional conduct of which a reasonably competent police officer would have known under the circumstances.

2. To the extent that any individual defendant was working as a police officer, he may have been acting in the execution and enforcement of the law.  The action of this officer, working as a police officer, was not willful or wanton.  Therefore, this defendant officer is immune from liability for the claims alleged because public employees are not liable for their acts or omissions in the execution of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

3. To the extent that any individual defendant was a public employee serving in a position involving the determination of policy or the exercise of discretion he is not liable for any of the claims alleged.  Further, the decisions to arrest and charge plaintiff are discretionary decisions for which a police officer is immune from liability. 745 ILCS 10/2-201.

4. The defendant is not liable for any of plaintiff's alleged claims because they are public employees who were acting within the scope of their employment and, as such, the defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. The defendant is not liable for any alleged claims because the acts and/or omissions of plaintiff were the sole proximate cause of any injuries he may have sustained. 745 ILCS 10/2-208.

**JURY DEMAND**

      Defendant Sgt. Thomas Boyd demands trial by jury.

      WHEREFORE, based on the foregoing, Defendant Sgt. Thomas Boyd, respectfully requests that this Honorable Court grant judgment in their favor and against the Plaintiff on all aspects of his complaint and further requests that this Honorable Court grant them fees, costs, and such other relief that this court deems just and appropriate.

      Respectfully Submitted,

      RICHARD A. DEVINE
      State's Attorney of Cook County

By:   s/ Patrick S. Smith
      Patrick S. Smith
      Assistant State's Attorney
      Civil Actions Bureau
      500 Richard J. Daley Center
      Chicago, Illinois 60602
      (312) 603-2388